Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon Bolanos
925 "G" Street
Sacramento, CA 95814
PH.   916.446.2800
FX.   916.446.2828
www.aldonlaw.com

In Pro Per

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Colony Insurance Company,<br><br>            Plaintiff,<br><br>       vs.<br><br>Aldon L. Bolanos,<br><br>            Defendant. | Case No.  2:09-CV-02495-WBS-DAD<br><br><br><br>ANSWER AND COUNTERCLAIMs<br><br>**JURY TRIAL DEMANDED** |

Aldon L. Bolanos, in pro per, answers as follows:

1. Answering paragraph 1 of the complaint, Bolanos denies each and every allegation in paragraph 1.

2. Answering paragraph 2 of the complaint, Bolanos denies each and every allegation in paragraph 2.

3. Answering paragraph 3 of the complaint, Bolanos denies the court has jurisdiction over the subject matter of this action because the amount in controversy is less than $75,000.00, in that the plaintiff in the TRS action has offered to settle the case for $60,000.00.

4.	Answering paragraph 4 of the complaint, Bolanos admits he resides in the judicial district and the claims arose in the Eastern District.

5.	Answering paragraph 5 of the complaint, Bolanos lacks sufficient info9rmation or knowledge to form a belief as to the trust of the allegation that Colony is a corporation oraganized under the laws of the State of Virginia, with principal place of business in Richmond.

6.	Answering paragraph 6, Bolanos admits that he resides in the County of Sacramento, and is a citizen of the State of California.

7.	Answering paragraph 7 of the complaint, Bolanos admits the exhibit is a true copy of the complaint in the TRS action.

8.	Answering paragraph 8 of the complaint, Bolanos admits TRS action has three causes of action.

9.	Answering paragraph 9 of the complaint, Bolanos admits the first cause of action is wrongful use of civil proceedings.

10.	Answering paragraph 10 of the complaint, Bolanos denies the first cause of action is based on the filing of a lawsuit entitled Athwal v. U.S. Bank.  The cause of action is based on actions taken subsequent to the filing of the suit, and occurring within the policy period of insurance purchased by Bolanos.

11.	Answering paragraph 11 of the complaint, Bolanos admits the second cause of action is slander of title.

12.	Answering paragraph 12 of the complaint, Bolanos denies the second cause of action is based on the filing of a notice of pendency of action.  The cause of action is based on actions taken subsequent to the recording of the notice of pendency of action, and occurring within the policy period of insurance purchased by Bolanos, specifically a decision not to withdraw the lis pendens and to maintain the action and the cloud on title.

13.	Answering paragraph 13 of the complaint, Bolanos admits the third cause of action in the TRS Action is for slander of title vis a vis a mechanics' lien.

14. Answering paragraph 14 of the complaint, Bolanos denies the third cause of action is based on the filing of a mechanics' lien. The cause of action is based on actions taken subsequent to the recording of the mechanics' lien, and occurring within the policy period of insurance purchased by Bolanos, specifically a decision not to withdraw the mechanics; lien and to maintain the action and the cloud on title.

15. Answering paragraph 15 of the complaint, Bolanos admits the Colony Policy is Exhibit B.

16. Answering paragraph 16 of the complaint, Bolanos admits the Colony Policy states what is represented.

17. Answering paragraph 17 of the complaint, Bolanos admits the Colony Policy is effective September 15, 2010.

18. Answering paragraph 18 of the complaint, Bolanos admits the Colony Policy is effective September 15, 2010.

19. Answering paragraph 19, Bolanos denies each and every allegation in the paragraph. Coverage does exist because the acts and occurrences alleged in the TRS Action all took place during the policy period.

20. Answering paragraph 20, Bolanos concedes the incorporation by reference and likewise incorporates by reference the prior corresponding paragraphs.

30. Answering paragraph 30[1] of the complaint, Bolanos admits an actual controversy exists as stated and denies that coverage does not exist.

31. Answering paragraph 31 of the complaint, Bolanos denies each and every allegation of said paragraph.

32. Answering paragraph 32 of the complaint, Bolanos denies each and every allegation of said paragraph.

---

[1] The complaint inexplicably jumps from paragraph 20 to 30. For ease of reference, the answer will also jump those numbers.

3

**Affirmative Defenses**

33. As a first, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of laches.

34. As a first, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of laches.

35. As a second, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred because Colony failed to exhaust contractual remedies.

36. As a third, separate and distinct affirmative defense, Bolanos asserts each and every act done related to the policy was privileged as a good faith exercise of his legal and contractual rights.

37. As a fourth, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of estoppel.

38. As a fifth, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of waiver.

39. As a sixth, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of release.

40. As a seventh, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of unclean hands.

41. As a eighth, separate and distinct affirmative defense, Bolanos asserts Colony's claim is barred by the doctrine of res judicata and/or collateral estoppel.

**Compulsory Counterclaims**

42. Jurisdiction is proper in this court over Bolanos' counterclaims asserted herein under ancillary or pendant jurisdiction, as the claims relate to the same nucleus of operative fact which gave rise to Colony's action.

43. Mr. Bolanos purchased a policy of professional liability insurance from Colony. The policy was entered into within the State of California, County of

1 2 Sacramento. He paid all premiums. The effective date of the policy is September 15, 2010.

3 4 5 6 44. Mr. Bolanos was recently sued for his actions as an attorney in the case of Athwal v. US Bank, et al., Merced County Superior Court Case Number CV001046. The complaint against him alleges wrongful prosecution of a civil action, and slander of title.

7 8 9 45. In the Athwal case, the court heard the defense demurrer and motion to strike on October 28, 2010. On January 26, 2011, the court granted the defense motion to strike under CCP section 436(b).

10 11 46. On April 20, 2011, a defendant in the underlying Athwal case, TRS OPS LLC, filed suit against Bolanos.

12 13 47. On June 3, 2011, Bolanos tendered the suit to his professional liability carrier, Colony.

14 15 16 17 48. On June 13, 2011, Colony denied coverage. Bolanos was left to fend for himself. Consequently, Bolanos prepared an Anti-SLAPP motion for filing in Merced County. Additionally, Bolanos wrote Colony to dispute the coverage position.

18 19 20 21 22 49. On June 22, 2011, defendant Colony again denied any coverage under the policy. It claimed that because the underlying Athwal suit was *brought* prior to the effective date of coverage, that there could exist no potential for coverage, despite that the overwhelming bulk of events and circumstances giving rise to the underlying suit occurred during the policy period.

23 24 25 26 50. Again Bolanos responded and disputed this contention. By this point, the Anti-SLAPP motion was rejected by the clerk of the court in Merced County due to the incorrect amount of filing fee being tendered. As a consequence, Bolanos then prepared a motion for relief from default.

27 28 51. Finally, on June 30, 2011, Colony again wrote to Bolanos, again advised there was no coverage under the policy, but did agree to provide a defense and did

5

retain defense counsel John Drath, Esq.

### First Cause of Action – Breach of Contract

52. Bolanos incorporates by reference paragraphs forty-two through fifty-one as though fully set forth herein.

53. Bolanos purchased a policy of insurance for professional acts and omissions with an effective date of September 15, 2010.

54. Bolanos is now being sued for wrongful prosecution of a civil suit. In order to prevail on such a claim, the plaintiff in that matter must prove, as essential elements, that Bolanos *continued* to prosecute an action even after no reasonable person would believe the action had merit. The underlying action was adjudicated on October 28, 2010. The court rendered its decision on January 26, 2011. Thus, even accepting the allegations of TRS OPS LLC as true – that Bolanos wrongfully prosecuted an against against it – Bolanos could not have known the action lacked merit until after the defense demurrer in the underlying action was adjudicated. And the defense demurrer in the underlying action was only adjudicated after the effective date of the policy, with a decision by the court on the merits also after the effective date of the policy.

55. When Colony declined to provide coverage under the specious theory that because the underlying suit was filed prior to the effective date of the policy of insurance, it breached the contract of insurance with Bolanos.

56. Colony's breach of contract has been the proximate cause of damages to Bolanos in an amount according to proof.

### Second Cause of Action – Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing

57. Bolanos incorporates by reference paragraphs forty-two through fifty-one as though fully set forth herein.

58. Every policy of insurance contains an implied covenant of good faith and fair dealing.

59. In refusing to provide coverage to Bolanos, defendant Colony deprived him of the peace of mind which is supposed to come with the purchase of a policy of insurance within the State of California. Instead, it left him alone to stand and fight for himself, utterly without the benefit of the policy for which he paid premium.

60. Colony's bad faith breach of the implied covenant and fair dealing did cause and continues to cause Bolanos severe physical and emotional distress. He lives under the cloud of a personal judgment against himself and his family due directly to his actions in the course of practicing law during the effective date of his policy of insurance.

61. As a proximate cause of Colony's bad faith breach of the implied covenant of good faith and fair dealing, Bolanos has suffered damages in an amount according to proof.

///

WHEREFORE,

Plaintiff prays for judgment in his favor and against Colony as follows:

1. For compensatory damages in an amount according to proof;
2. For punitive damages in an amount according to proof;
3. For attorneys' fees and costs of suit incurred; and
4. For all other relief as may be just and proper.
5. That Colony take nothing by this action;
6. That the complaint be dismissed with prejudice and that judgment be entered against plaintiff and in favor of Bolanos on the claim for relief; and
7. Such other and further relief as the court deems appropriate and proper.

DATED: August 22, 2011             */s/ Aldon L. Bolanos, Esq.*

                                      ALDON L. BOLANOS, ESQ.
                                      IN PRO PER